UNDER SEAL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

> U.S DISTRICT COURT
> MIDDLE DISTRICT OF LOUISIANA
> FILED    NUV - 2 2018
> CLERK _____

UNITED STATES OF AMERICA,
STATES OF LOUISIANA, GEORGIA,
AND NORTH CAROLINA
*ex rel* Rhonda Harris

        **Plaintiff/Relator**

**VERSUS**

SEASIDE HCBS, LLC ("Seaside")
PHAROS CAPITAL GROUP, LLC,
("Pharos")

        **Defendants**

CIVIL ACTION

NUMBER: 18-994

SECTION: BAJ

MAGISTRATE: RLB

FILED *IN CAMERA*
AND UNDER SEAL

DO NOT ENTER INTO PACER

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL FALSE CLAIMS ACT AND LOUISIANA MEDICAL ASSISTANCE PROGRAM INTEGRITY LAW

NOW INTO COURT, through undersigned counsel, comes relator, Rhonda Harris, in the name of and on behalf of the United States of America, the States of Louisiana, Georgia, and North Carolina who submits this Complaint for Damages as follows:

Damages as follows:

### INTRODUCTION

1. This action arises under 31 U.S.C. § 3729 *et* seq., also known as the False Claims Act ("FCA"), as well as the False Claims Acts of the States and Cities (collectively "State FCAs"), and common law, to recover treble damages and civil penalties on behalf of the United States of America, the States, and Cities, arising out of Defendants violations of the FCA and State FCAs as well as under common law theories of payment by mistake and unjust enrichment.



Receipt #
4699028762

2.     As more fully alleged herein, this action arises out Defendants' continuing schemes to defraud the United States of America, the States of Louisiana, North Carolina, and Georgia, listed herein, through the submission of false and fraudulent claims for medically unnecessary services or services that were not performed to Medicare, and State Medicaid Programs ("collectively, the government").

3.     The scheme dates back to at least 2011 and is ongoing.

<strong>JURISDICTION AND VENUE</strong>

4.     Under §3732 of the FCA, this Court has exclusive jurisdiction over the actions brought under the FCA and concurrent jurisdiction over state claims arising from the transactions giving rise to the claims under the FCA.  Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 because this civil action arises under the laws of the United States.

5.   This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the federal False Claims Act that they form part of the same case or controversy.  28 U.S.C. §1367.

6.  Venue is proper in this district pursuant to §3732(a) of the Act, which provides that any action under §3730 may be brought in any judicial district in which the Defendant or in the case of multiple Defendants, any one Defendant, can be found, resides, transacts business, or in which any act proscribed by §3729 occurred. Acts that are the subject of this action occurred in the State of Louisiana, within this judicial district, as well as nationwide.  At all times material thereto, Defendants regularly conducted substantial business within the State of Louisiana, maintained permanent employees in the State of Louisiana, and made, and is making, significant claims for reimbursement within the State of Louisiana, within this judicial district. Additionally, venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1)-(2).

**FILING UNDER SEAL**

7. Under the Act, as well as State and City FCAs, this Complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders.

8. As required by the FCA, Relator voluntarily submitted prior to the filing of this Complaint a confidential written disclosure statement (subject to the attorney client privilege) to the United States Government, containing materials, evidence, and information in their possession pertaining to the allegations contained in this Complaint.    Similarly, Relator voluntarily submitted a confidential written disclosure statement and this Complaint to the States and Cities whose FCAs form the bases of this action.

**THE PLAINTIFFS**

9. The Plaintiff, the United States of America by and through its departments, the Department of Health and Human Services ("HHS"), particularly the Centers for Medicare and Medicaid Services ("CMS") within the HHS, is responsible for administering Federal and Health Care Programs including Medicare and Medicaid.

10. Medicaid is the nation's medical assistance program for the needy, the medically-needy aged, blind, and disabled in families with dependent children.  See 42 USC §§ 1396-1396v.  Title XIX of the Social Security Act was enacted by Congress to establish the Medicaid Program.  See 42 U.S.C. §§ 1396-1396(v).  Medicaid is funded by both federal and state money, with the federal contribution capsulated separately for each state.  See 42 U.S.C. §§ 1396(d) & 1396(D)(b).

11.  In 1965, Congress enacted Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, known as the Federal Medicare Program which authorizes medical benefits for the aged, blind,

and disabled. Medicare is a health financing program for the elderly. Entitlement to Medicare is based on aged, disability, or affliction with end-renal disease. See 42 U.S.C. §§ 426, 426(a). Part A of the Medicare Program authorizes payment for institutional care, including treatment of eligible individuals in various specialty units.

12. DHHS is responsible for the administration and supervision of the Medicare Program. CMS is an agency of DHHS and is directly responsible for the administration of the Medicare Program as well as the federal implementation of Medicaid.

13. Medicare was divided into multiple parts. Part A of the Medicare Program authorizes payment to institutional care such as hospitalizations, including treatment of eligible individuals in specialty units or other types of facilities. Medicare Part B covers physician services and outpatient care, including outpatient mental health services.

14. Upon information and belief, the Defendants derive a substantial portion of their revenue from the Medicare Program, as well as that of the Medicaid Programs. Individuals who qualify for Medicare benefits are commonly referred to as Medicare "Beneficiaries." Each Beneficiary is given a unique Medicare identification number.

15. Healthcare providers that provide mental health services to Medicare or Medicaid beneficiaries are referred to as "Providers." In order to participate in Medicare, Providers are required to submit an application in which the Providers agree to comply with all Medicare-related laws and regulations. If Medicare approves a Provider's application, Medicare assigns the Provider a Medicare Provider number. Any healthcare provider with a Medicare Provider number may file claims with Medicare to obtain reimbursement for services rendered to Beneficiaries.

16.   Medicare reimburses DME companies and other healthcare providers for services rendered to Beneficiaries.   Medicare will generally pay reimbursement for DME and related medical related medications only if they were prescribed by the Beneficiary's physician and were medical necessary to the treatment of the Beneficiary's illness or injury.

17.   To receive reimbursement from Medicare, Providers must submit or cause the submission of claims to Medicare for payment of services to Beneficiaries, either directly or through a billing company.

18.   In order to bill Medicare for services rendered, a Provider must submit a claim Form 1500 to the DMERC.   When a Form 1500 is submitted, usually an electronic form, the Provider certifies: (1) that the contents of the form are true, correct, and complete; and (2) that the form was prepared in compliance with all laws and regulations governing Medicare; and (3) that the contents of the claim were medically necessary.

### DEFENDANTS

19.   Seaside Healthcare HCBS, LLC (hereinafter referred to as "Seaside"), headquartered in Shreveport, Louisiana, is a company that provides mental home and community based healthcare services including inpatient psychiatric treatment, partial hospitalization programs, intensive outpatient programs, and therapeutic group homes, and may be served through its agent for service of process at 501 Louisiana Avenue, Baton Rouge, LA, 70802.

20.   Seaside provides mental health services across several states, including Louisiana, Georgia, and North Carolina.

21.   Seaside's Louisiana locations, doing business as Cognitive Development Center, include Tallulah, Monroe, Shreveport, Columbia, Donaldsonville, Farmerville, Lake Charles, Lake Providence, Ferriday, Jena, Vidalia, and Winnsboro.

22. Additionally, Seaside's inpatient hospitals, doing business as Seaside Behavioral Center, are located in New Orleans, Metairie, and Baton Rouge. Lastly, the PHP/IOP (psychological health program/intensive outpatient treatment) services are offered in New Orleans, Baton Rouge, and Zachary.

23. Seaside's North Carolina locations, doing business as Pride in North Carolina, include Greenville, Elizabeth City, Kinston, Wilson, Charlotte, Jacksonville, Smithfield, and Wilmington.

24. Additionally, Seaside's North Carolina locations doing business as Turning Point Family Services include Charlotte, Concord, Mooresville, Statesville, and Yadkinville.

25. Seaside's Georgia locations, doing business as Access MHA, include Atlanta and Savannah. Also, Seaside conducts business as Youth Haven Services, in Burlington, Greensboro, Reidsville, and Walnut Cove.

26. Pharos Capital Group, LLC, (hereinafter referred to as "Pharos"), headquartered in both Texas and Tennessee, is a physician founded private equity firm that invests in healthcare companies. Pharos became Seaside's equity partner in December of 2013.

## RELATOR

27. Relator Rhonda Harris is a licensed mental health practitioner (LMHP). She has her master's degree in psychology and obtained additional certification to provide counseling services.

28. In 2011, Relator Harris began her employment with the Cognitive Development Center located at 1705 Felicia Ave, Tallulah, LA 71282.

29. She began as a part-time onsite counselor and after several promotions, became the site director in 2016.

30. As site manager, she was responsible for overseeing all aspects of the facility including patient care, employee management, and financial.

31. In August of 2017, in direct response to Relator Harris' refusal to carry out the fraudulent activities by Defendants, she was terminated.

32. Relator is an original source of the facts and information hereinafter set forth concerning the activities of the Defendants relative to the false claims for payment for services that were medically unnecessary, up coded, and never performed by Defendants, which are then improperly being billed to Medicare, the States' Medicaid Programs, and other federal, state, and city reimbursement programs. The facts averred herein are based upon Relator's personal observation and documents and information in her possession, which were acquired by her in connection with her work as an LMHP for Defendant, Seaside.

33. Relator seeks to recover damages and civil penalties in the name of the United States and the States for the violations alleged herein.

## LEGAL BACKGROUND

34. Pursuant to the Federal False Claims Act, 31 U.S.C. §3729(a)(1)(A), a cause of action arises when any person knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval.

35. Liability also arises under 31 U.S.C. §3729(a)(1)(B) when a person knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

36. As defined under 31 U.S.C. §3729(b)(1), "knowing" and "knowingly" means: (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information. No proof of specific intent to defraud is necessary. *Id.*

37. FCA provides that any person who knowingly submits or causes to be submitted a false or fraudulent claim for payment or approval is liable for a civil penalty of not less than five thousand and five hundred dollars ($5,500) and up to eleven thousand dollars ($11,000) for each such claim, and three times the amount of the damages sustained by the government. The Act empowers persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to be awarded between fifteen (15) to thirty (30) percent of the amount recovered.

38. If a person other than the Attorney General brings suit, the complaint must remain under seal and defendants must not be served until the later of ninety (90) days after the service of the complaint or any extension of the ninety (90) days that is requested by the Attorney General and granted by the court.

39. The Medicare and Medicaid Patient Protection Act, also known as the Anti-Kickback Statute, 42 USC § 1320-7b ("AKS"), arose out of congressional concern that the remuneration and gifts given to those who influence health care decisions corrupts the medical decision making process and could result in the provision of goods and services that are more expensive and/or medically unnecessary or even harmful to a vulnerable patient population.  To protect the integrity of federal health care programs, congress enacted the AKS in 1972 "to provide penalties for certain practices which have long been regarded by professional organizations as unethical, as well as unlawful…and which contribute appreciably to the cost of Medicare and the Medicaid Programs." H.R. Rep. No. 92-231, (1971), reprinted in 1972 U.S.C.C.A.N. 4989, 5093.

40. The AKS prohibits any person or entity from knowingly or willfully offering to pay or paying any remuneration to another person to induce that person to purchase, order, or recommend any good or item for which payment may be made in whole or in part by a federal

health care program, which includes any state health care program or health program funded in part by the federal government. See 42 USC § 1320a-7b(b), 1320a-7b(f).

41. Defendants herein, and all parties to the transactions, have also violated the Federal Anti-Kickback Act, 42 USC § 1320(a)-7(b), and therefore any charges submitted to Medicare or Medicaid that were induced by said illegal remuneration or referral constitute false claims under the Federal False Claims Act.

### BILLING FOR MEDICALLY UNECESSARY SERVICES AND SERVICES NEVER PERFORMED

42. Relator has specific and independent knowledge that Defendants established company-wide policies that require billing for both individual and group therapy sessions that never occur by signing up patients to multiple therapy programs that were medically unnecessary. Defendants forwarded files from Farmerville, Monroe, and Columbia to Tallulah which had been altered to reflect services that never occurred.

43. For example, on July 28, 2017, Jonathan Reeves, Defendant's employee, formatted J.H.'s new client assessment form to make the signature page fall with no other identifying information on it. Thereafter, Defendants billed for treatment plans that had not been approved by a therapists and never occurred. Additionally, Defendants requested authorization for 288 units of treatment that had never been approved by a licensed therapists. The Defendants intentionally falsified signatures from a licensed therapists certifying that J.H. had been evaluated and received therapy.

44. Another example, in July 10, 2017, Defendant continued the same scheme of formatting J.K.'s assessment with a signature page strategically placed with no other identifying information. Additionally, Defendants falsified a license therapists' signature by using a

signature stamp reading Fred W. Futch, L.P.C. It is relator's knowledge and belief that Fred W. Futch never evaluated or administered therapy to J.K.

45. Relator has specific and independent knowledge that Defendants established a company-wide mandate that billing should be up coded for the maximum number of units (15 minutes of mental health service) on every patient without the services being performed.

## TRIPLE BILLING

46. Defendants purposefully billed for assessments, treatments, and plans separately which resulted in triple billing.

## TARGETING MEDICARE/MEDICAID PATIENTS

47. On August 10, 2016, Defendants purposefully recruited Medicare/Medicaid patients by throwing a "back to school bash at the Tallulah Community Center, 800 N. Beech Street, Tallulah, LA 71282. Defendants targeted Medicare/Medicaid patients by advertising a back to school party thrown annually at the Maddison Parish County Center with free food, games, and prizes in exchange for completing a demographics packet upon entrance.

## RECEIPT OF REMUNERATION/KICKBACKS IN EXCHANGE FOR FALSIFIED "NEW" PATIENT REFERRALS

48. Relator has specific knowledge that Defendants knowingly and recklessly entering into agreements to provide improper remuneration of $100 in the form of a kickback in return for new patient referrals. Relator has personal knowledge that employees falsified medical records by recycling old patient files and re-submitting them as new patients in order to collect the kickback.

10

## COUNT ONE
## Federal False Claims Act-Presentation of False Claim-31 U.S.C. § 3729(a)(1)

49.  Relator re-alleges and incorporates paragraphs 1-46 of this Complaint as if fully set forth herein.

50.  This is a claim for penalties and treble damages under the Federal False Claims Act.

51.  In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives for the purpose of defrauding the Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under the Medicare, Medicaid and other Government health programs to officers, employees or agents of the United States Government, within the meaning of 31 U.S.C. § 3729(a)(1).

52.  As a result, federal monies were lost through payments made in respect of the claims and other costs were sustained by the Government.

53.  Therefore, the Federal Government has been damaged in an amount to be proven at trial.

54.  Additionally, the Federal Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendants and arising from their fraudulent conduct as described herein.

## COUNT TWO
## Conspiracy To Violate The False Claims Act

55. .Relator re-alleges and incorporate paragraphs 1-52 of this Complaint as is fully set forth herein.

56. Defendants have conspired with one another to conceal, omit, and alter material facts in order to present, or cause to be presented false and fraudulent claims for payment by the United States of America and the State of Louisiana in violation of *inter alia*, 31 U.S.C. § 3729(a)(1)(C).

11

57. Defendants conspired together and knowingly and willfully withheld information specifically known to Defendants regarding the systematic fraudulent conduct in unlawful billing to the United States of America and the State of Louisiana in violation of 31 U.S.C. § 3729(a)(1)(C).

58. Defendants have acted in a concerted fashion to defraud the United States and the State of Louisiana and to conceal from the United States and the State of Louisiana the facts necessary to investigate the fraud and damages caused by the fraud.

59. The Defendants' false and fraudulent claims and/or statements, omissions and non-disclosures, and other overt acts in furtherance of the conspiracy, have proximately caused harm and damaged the United States of America and the States of Louisiana, North Carolina, and Georgia.

## COUNT THREE
### Federal False Claims Act-Conspiracy to Make False Claims and Statements-31 U.S.C. § 3729(a)(1)(C)

60. Relator re-alleges and incorporate paragraphs 1-57 of this Complaint as is fully set forth herein.

61. In performing the acts described above, Defendants through the acts of their officers, agents, and employees conspired and acted in concert to make, used, or caused to be made or used, false claims and statements to get a false or fraudulent claims paid by the Government in violation of 31 U.S.C §3729(a)(1)(C).

62. The United States, unaware of the foregoing circumstances and conduct of the Defendants, made payments which resulted in its being damages in an amount to be determined.

63.  Additionally, the Federal Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim paid or approved arising from the Defendants fraudulent conduct as described herein.

## COUNT FOUR
## Unjust Enrichment

64.  Relator re-alleges and incorporates paragraphs 1-61 of the Complaint as if fully set forth herein.

65.  This is an action to recover monies by which Defendants have been unjustly enriched. Due to the Defendants improper practices, the United States and the States and Cities paid monies by which Defendants have been unjustly enriched.

66.  By reason of their payments, the United States and the States and Cities are entitled to damages in an amount to be determined.

## COUNT FIVE

## Violation of the Louisiana Medical Assistance
## Programs Integrity Law

67.  Relator re-alleges and incorporates paragraphs 1-64 of the Complaint as if fully set forth herein.

68.  Defendants knowingly and willfully presented or caused to be presented false fraudulent claims for payment or approval to the Louisiana Medicaid Program, in violation of 31 U.S.C. § 3729(a)(1)(A) and LSA R.S. 46:437.1 *et seq.*

69.  Defendants knowingly and willfully made, used, or caused to be made or used, false and fraudulent records and statements material to their false and fraudulent claims in order to get

false and fraudulent claims pain or approved by the Louisiana Medicaid Program in violation of 31 U.S.C. § 3729(a)(1)(B) and LSA R.S. 46:437.1 *et seq.*

70.  The State of Louisiana in reasonable and justifiable reliance upon the purported accuracy of these certified false and fraudulent claims and/or statements by Defendants, paid and continues to pay for medical services and products allegedly provided to individuals insured by Medicaid.

71.  The Defendants false and/or fraudulent statements has proximately caused harm and damage to the State of Louisiana and the United States of America.

72.  These actions and any claims submitted are false in violation of the Federal False Claims Act, 31 U.S.C. § 3729 *et seq.* and LSA R.S. 46:438.3(B), which states that "no person shall knowingly engage in misrepresentation to obtain, or attempt to obtain, payment from medical assistance funds."

**COUNT SIX**

**(Georgia State False Medicaid Claims Act-Ga. Code Ann. § 49-4-168 et seq)**

73.  Relator re-alleges and incorporates paragraphs 1 – 70 of the Complaint as if fully set forth herein.

74.  This is a claim for penalties and treble damages under the Georgia State False Medicaid Claims Act.

75.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Georgia State Government, knowingly presented and/or caused to be presented to the Georgia Medicaid program false or fraudulent claims for payment or approval within the meaning of Ga. Code Ann. § 49-4-168.1(a)(1).

76. By virtue of the acts described above, Defendants, for the purpose of defrauding the Georgia State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Georgia Medicaid program within the meaning of Ga. Code Ann. § 49-4-168.1(a)(2).

77. As a result, Georgia State monies were lost through payments made in respect of the claims and other costs were sustained by the Georgia State Government.

78. Therefore, the Georgia State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

79. Additionally, the Georgia State Government is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim presented or caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

## COUNT SEVEN

### (North Carolina False Claims Act- N.C.G.S.A. § 1-605 et seq.)

80. Relator re-alleges and incorporates paragraphs 1 – 77 of the Complaint as if fully set forth herein.

81. This is a claim for penalties and treble damages under the North Carolina False Claims Act.

82. By virtue of the acts described above, Defendants, for the purpose of defrauding the North Carolina State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other North Carolina State funded programs to officers or employees of the state within the meaning of N.C.G.S.A. § 1-606.

83. As a result, North Carolina State monies were lost through payments made in respect of the claims and other costs were sustained by the North Carolina State Government.

84.  Therefore, the North Carolina State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

85.  Additionally, the North Carolina State Government is entitled to the maximum penalty of $11,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Relator prays for the following relief:

A.  Judgment in an amount equal to treble the damages to be proven at trial against Defendants and in favor of the United States, plus a civil penalty of up to $11,000 for each violation of 31 U.S.C. § 3729 proven at trial;

B.  Judgment in amount of proven damages at trial for payment in mistake of fact and unjust enrichment;

C.  Judgment in an amount equal to the damages to be proven at trial against Defendants and in favor of the State of Louisiana, plus a civil fine in the amount of three times the amount of actual damages sustained for each violation of La. Rev. Stat. 46:438.3 proven at trial.

D.  Judgment in an amount equal to treble the damages to be proven at trial against Defendants and in favor of the State of North Carolina, plus a civil penalty of $11,000 for each violation of N.C.G.S.A. § 1-606 proven at trial.

E.  Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Georgia, plus a civil penalty of $11,000 for each violation of Ga. Code Ann. § 49-4-168.1 proven at trial.

F.  An award to Relator of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and equivalent provisions in the state statutes set forth above, including the costs and expenses of this action and reasonable attorneys' fees;

G.  All such other, further and different relief, whether preliminary or permanent, legal, general or equitable, as the Court deems just and proper.

### JURY DEMAND

H.  Relator hereby demands a trial by Jury in this matter.

Respectfully submitted,

By: _____

J. MARC VEZINA, T.A
**VEZINA AND GATTUSO, L.L.C.**
LA Bar No. 24683
TX Bar No 24000141
GA Bar No. 465449
MI Bar No. P76232
KELLI M. KHALAF
LA Bar No. 23213
401 Weyer Street, P. O. Box 461
Gretna, LA 70054
jmv@vezinalaw.com
kkhalaf@vezinagattuso.com
Tel. (504) 368-5223
Fax (504) 361-3624

**Attorneys for Relator**

17

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America, States of Louisiana, Georgia and North Carolina, ex rel Rhonda Harris | Seaside HCBS, LLC<br>Pharos Capital Group, LLC |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Marc Vezina / Kelli M. Khalaf, Vezina and Gattuso, LLC
401 Weyer Street, P.O. Box 461
Gretna, LA 70054, 504-368-5223

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☒ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
31 USC 3729 et seq

Brief description of cause:
Federal False Claims Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/01/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____