UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RHONDA HARRIS | CIVIL ACTION |
| VERSUS | |
| SEASIDE, HCBS, LLC, ET AL. | NO. 18-00994-BAJ-SDJ |

### RULING AND ORDER

Before the Court is Plaintiffs'[1] **Motion In Limine (Doc. 92, the "Motion")**. The Motion is opposed. (Doc. 99). Plaintiffs filed a Reply Brief. (Doc. 101). For the reasons below, Plaintiffs' Motion is **DENIED**.

### I.   BACKGROUND

On November 2, 2018, Relator filed a Complaint, under seal, against her former employer for violations of the False Claims Act 31 U.S.C. § 3279, and related state statutes, including common law theories of unjust enrichment. (Doc. 1). The state of Louisiana filed a Notice of Intervention on October 11, 2021.[2] (Doc. 22). Per the parties' requests, the Court has issued and amended multiple Scheduling Orders (Docs. 64, 71, 90), ultimately setting the final deadline for the parties to complete discovery for July 31, 2024. Trial is currently set to begin on March 31, 2025.

Plaintiffs filed the instant Motion to exclude late-produced evidence. (Doc. 92).

---

[1] For the purpose of this Order, Intervenor Plaintiff State of Louisiana and Movant United States of America shall be collectively referred to by the Court as "Plaintiffs."

[2] Relator names the states of Georgia and North Carolina in her Complaint. (Doc. 1). Both states declined to intervene. (Doc. 18).

Defendants respond that the Court should not exclude the evidence at issue and should instead grant a continuance of the trial date to cure any prejudice to Plaintiffs. (Doc. 101).

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

harmless or justified, courts employ a *Hamburger* analysis, which involves weighing four following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Keyes v. Techtronic Indus. Factory Outlets, Inc.*, No. 3:18-CV-671-DPJ-FKB 2020 WL 5592694, at *5 (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882–83 (5th Cir. 2004). The Court will address each factor in turn.

Regarding Defendants' explanation for their late disclosure of the data at issue, Defendants assert mistake and miscommunication. (Doc. 99 at 2.) In their Opposition, Defendants detail technical difficulties and miscommunications surrounding their production of the thousands of documents that comprise the late disclosure, including certain "progress notes," to Plaintiffs. (*See* Doc. 99 at 2, 4, 5).

Regarding the importance of the data, Defendants claim that, without the progress notes, Plaintiffs will seek over $400,000 in claims based on the lack of documentation. (Doc. 99 at 8).

Regarding the potential prejudice in allowing the data, Plaintiffs claim that they will be "unduly prejudiced if these progress notes are entered into evidence without having received an opportunity to adequately review." Doc, 92-2 at 4).

Finally, regarding the availability of a continuance to cure any prejudice, both parties appear to agree that, if the data were to come in at trial, a continuance would be warranted. Accordingly, the Court will permit a brief continuance of the trial date. The Court concludes that the data at issue is sufficiently important to allow into

evidence, and a trial continuance will cure the prejudice to Plaintiffs caused by Defendants' late disclosure.

The Court emphasizes that any further requests by Defendants to extend the trial date will be reviewed with the utmost scrutiny. As Plaintiffs rightly noted, "this case has been pending for a number of years and [Plaintiffs] would like to resolve this matter." (Doc. 101 at 4).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion In Limine (Doc. 92)** is **DENIED**. The Court shall issue a Fifth Amended Scheduling Order to reset the jury trial and related deadlines in the above captioned matter forthwith.

Baton Rouge, Louisiana, this 26th day of March, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA